The Hon. Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 32.68342694 BITCOIN (AND FUNDS DERIVED THEREFROM) FORMERLY HELD IN WALLET ADDRESS 1G3pyCCFENTp8EHANrG-BpmEKNobPqA5CLg, SEIZED FROM A BINANCE.COM EXCHANGE ACCOUNT ASSOCIATED WITH USER ID 395972026,<br><br>Defendant,<br><br>and<br><br>ADVOCUS NATIONAL TITLE INSURANCE COMPANY D/B/A ATTORNEYS' TITLE GUARANTY FUND,<br><br>PROPER TITLE, LLC,<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>ROYSTON JESTER, IV T/A JESTER & JESTER,<br><br>GREGORY B. GROGAN, LAW OFFICE OF GREGORY B. GROGAN, LLC, | NO. CV23-2010-BAT<br><br>**STIPULATED SETTLEMENT AGREEMENT AND ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>December 13, 2024 |

Settlement Agreement and Order - 1
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | BILL L. GOUVEIA, ATTORNEY AT LAW, |
| 2 | ROBERT WILSON, WILSON & |
| 3 | ASSOCIATES LAW GROUP, LLC, |
| 4 | SHEILA HUDDLESTON, HUDDLESTON LAW GROUP, LLC, |
| 5 | |
| 6 | STEWART TITLE GUARANTY COMPANY, |
| 7 | DOYLE WAYNE BOWERS, |
| 8 | Claimants. |

9

10   WHEREAS Plaintiff United States of America, by and through Tessa M. Gorman,

11 United States Attorney for the Western District of Washington, and Krista K. Bush,

12 Assistant United States Attorney, and Third-Party Claimants Advocus National Title

13 Insurance Company d/b/a/ Attorneys' Title Guaranty Fund, Inc.; Proper Title, LLC;

14 Chicago Title Insurance Company; Royston Jester, IV, t/a Jester & Jester; Gregory B.

15 Grogan, Law Office of Gregory B. Grogan, LLC; Bill L. Gouveia, Attorney at Law;

16 Robert A. Wilson, Jr., Wilson & Associates Law Group, LLC; Sheila S. Huddleston,

17 Huddleston Law Group, LLC; Stewart Title Guaranty Company; and Doyle Wayne

18 Bowers (collectively, "the Parties") wish to resolve this matter without additional

19 utilization of judicial resources and without incurring further litigation expenses:

20   IT IS HEREBY STIPULATED as follows:

21   1.   On December 29, 2023, the United States brought this civil *in rem*

22 forfeiture proceeding against approximately 32.68342694 Bitcoin (and funds derived

23 therefrom) formerly held in wallet address 1G3pyCCFENTp8EHANrG-

24 BpmEKNobPqA5CLg, seized from a Binance.com exchange account associated with

25 User ID 395972026. Dkt. No. 1. The approximately 32.68342694 Bitcoin (BTC)

26 ("Defendant Cryptocurrency") was seized on October 2, 2023 pursuant to a federal

27 seizure warrant by the United States Secret Service, executed on August 4, 2023. *Id.*, ¶ 7.

Settlement Agreement and Order - 2
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. In its Verified Complaint for Forfeiture *in Rem* ("Complaint"), the United States alleges that the Defendant Cryptocurrency constitutes or is derived from proceeds of *Wire Fraud*, in violation of Title 18, United States Code, Section 1343, and *Conspiracy to Commit Wire Fraud*, in violation of Title 18, United States Code, Section 1349, and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C). The Complaint further alleges the Defendant Cryptocurrency is property involved in *Money Laundering*, in violation of Title 18, United States Code, Sections 1956 and 1957, and *Conspiracy to Commit Money Laundering*, in violation of Title 18, United States Code, Section 1956(h), and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A).

3. In accordance with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), the United States provided notice by publication and sent notice to all known potential claimants by means reasonably calculated to reach them. *See* Dkt. Nos. 2 (Notice of Verified Complaint), 13 (Second Notice of Verified Complaint), 6 (Declaration of Publication), 42 (Request for Entry of Default), and 43 (Declaration of AUSA Krista K. Bush in Support of Request for Entry of Default).

4. Advocus National Title Insurance Company d/b/a/ Attorneys' Title Guaranty Fund, Inc. ("Attorneys' Title") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 8-11, 37.

5. Proper Title, LLC ("Proper Title") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 14-16, 26-27.

6. Chicago Title Insurance Company ("Chicago Title") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 17, 24, 36.

7. Royston Jester, IV, t/a Jester & Jester ("Attorney Jester") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 18, 21.

Settlement Agreement and Order - 3
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Gregory B. Grogan, Law Office of Gregory B. Grogan, LLC ("Attorney Grogan") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 20, 28, 41.

9. Bill L. Gouveia, Attorney at Law ("Attorney Gouveia") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. No. 22.

10. Robert A. Wilson, Jr., Wilson & Associates Law Group, LLC ("Attorney Wilson") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 23, 39.

11. Sheila S. Huddleston, Huddleston Law Group, LLC ("Attorney Huddleston") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. No. 25.

12. Stewart Title Guaranty Company ("Stewart Title") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. Nos. 31-35, 44.

13. Doyle Wayne Bowers ("Mr. Bowers") asserts an ownership interest in the Defendant Cryptocurrency. *See* Dkt. No. 30. Mr. Bowers' interest in the Defendant Cryptocurrency is now held by the Estate of Doyle Wayne Bowers (Rachel Biagini, Executor).

14. No other Third-Party Claims have been submitted to the Defendant Cryptocurrency. *See* Dkt. No. 43; *see also* Docket.

15. The Clerk of Court entered Default against all other potential claimants on October 18, 2024. Dkt. No. 45.

16. The United States has evidence regarding the claims of Attorneys' Title, Proper Title, Chicago Title, Attorney Jester, Attorney Grogan, Attorney Gouveia, Attorney Wilson, Attorney Huddleston, Stewart Title, and Mr. Bowers/the Estate of Doyle Wayne Bowers.

//

//

Settlement Agreement and Order - 4
*United States v. Approx. 32.68342694 Bitcoin, et al.*, CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

NOW THEREFORE, this SETTLEMENT AGREEMENT is entered into among the Parties pursuant to the following terms:

17. The Parties agree that this Settlement Agreement and Order shall be in full and complete settlement and satisfaction of all civil forfeiture issues relating to the Defendant Cryptocurrency.

18. The Parties agree that this Settlement Agreement and Order constitutes the complete agreement of the Parties and may not be amended without express written authorization from all of the Parties and approval of the Court.

19. The Parties further acknowledge and agree that this settlement shall not be construed to create rights in, or grant any cause of action to, any third party not covered by this Settlement Agreement and Order.

20. The Parties hereby waive all rights to challenge or contest the validity of this Settlement Agreement and Order.

21. The Parties will each bear their own costs, attorney's fees, and expenses.

22. The United States' agreement to this Settlement Agreement and Order is expressly premised upon the truthfulness, accuracy, and completeness in every material part of the representations made by the Third-Party Claimants.

23. The Parties agree that the United States had reasonable cause to seize and arrest the Defendant Cryptocurrency, and to commence and prosecute this forfeiture action against the Defendant Cryptocurrency. The Parties further agree that the Court may enter a certificate of reasonable cause under 28 U.S.C. § 2465(a)(2), as to the Defendant Cryptocurrency, upon entry of judgment or at any time thereafter, upon the United States' request.

24. The United States acknowledges Attorneys' Title's superior interest in approximately 12.9544582453272% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $302,683.25 (the "Attorneys' Title Share") and shall

Settlement Agreement and Order - 5
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

not seek a Judgment of Forfeiture forfeiting the Attorneys' Title Share to the United States.

25. The United States acknowledges Proper Title's superior interest in approximately 6.78787577588585% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $158,599.94 (the "Proper Title Share") and shall not seek a Judgment of Forfeiture forfeiting the Proper Title Share to the United States.

26. The United States acknowledges Chicago Title's superior interest in approximately 8.51215651447087% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $198,888.07 (the "Chicago Title Share") and shall not seek a Judgment of Forfeiture forfeiting the Chicago Title Share to the United States.

27. The United States acknowledges Attorney Jester's superior interest in approximately 3.21054662018205% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $75,015 (the "Jester Share") and shall not seek a Judgment of Forfeiture forfeiting the Jester Share to the United States.

28. The United States acknowledges Attorney Grogan's superior interest in approximately 10.2877204015218% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $240,374.44 (the "Grogan Share") and shall not seek a Judgment of Forfeiture forfeiting the Grogan Share to the United States.

29. The United States acknowledges Attorney Gouveia's superior interest in approximately 11.6412541583619% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $272,000.00 (the "Gouveia Share") and shall not seek a Judgment of Forfeiture forfeiting the Gouveia Share to the United States.

30. The United States acknowledges Attorney Wilson's superior interest in approximately 18.2139657464057% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $425,572.59 (the "Wilson Share") and shall not seek a Judgment of Forfeiture forfeiting the Wilson Share to the United States.

Settlement Agreement and Order - 6
*United States v. Approx. 32.68342694 Bitcoin, et al.*, CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

31.     The United States acknowledges Attorney Huddleston's superior interest in approximately 16.6286524793361% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $388,531.46 (the "Huddleston Share") and shall not seek a Judgment of Forfeiture forfeiting the Huddleston Share to the United States.

32.     The United States acknowledges Stewart Title's superior interest in approximately 7.40560352025705% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $173,033.26 (the "Stewart Title Share") and shall not seek a Judgment of Forfeiture forfeiting the Stewart Title Share to the United States.

33.     The United States acknowledges Mr. Bowers' superior interest in approximately 4.35776653825151% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $101,820.00 (the "Bowers Share") and shall not seek a Judgment of Forfeiture forfeiting the Bowers Share to the United States. The United States acknowledges the Estate of Doyle Wayne Bowers (Rachel Biagini, Executer) as the current holder of Mr. Bowers' interest in the Bowers Share.

34.     Upon entry of this Settlement Agreement and Order, the United States shall liquidate the Defendant Cryptocurrency.

35.     The United States shall return the Attorneys' Title Share of the liquidated Defendant Cryptocurrency to Attorneys' Title in a manner to be agreed upon by the United States and Attorneys' Title.

36.     The United States shall return the Proper Title Share of the liquidated Defendant Cryptocurrency to Proper Title in a manner to be agreed upon by the United States and Proper Title.

37.     The United States shall return the Chicago Title Share of the liquidated Defendant Cryptocurrency to Chicago Title in a manner to be agreed upon by the United States and Chicago Title.

Settlement Agreement and Order - 7
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

38. The United States shall return the Jester Share of the liquidated Defendant Cryptocurrency to Attorney Jester in a manner to be agreed upon by the United States and Attorney Jester.

39. The United States shall return the Grogan Share of the liquidated Defendant Cryptocurrency to Attorney Grogan in a manner to be agreed upon by the United States and Attorney Grogan.

40. The United States shall return the Gouveia Share of the liquidated Defendant Cryptocurrency to Attorney Gouveia in a manner to be agreed upon by the United States and Attorney Gouveia.

41. The United States shall return the Wilson Share of the liquidated Defendant Cryptocurrency to Attorney Wilson in a manner to be agreed upon by the United States and Attorney Wilson.

42. The United States shall return the Huddleston Share of the liquidated Defendant Cryptocurrency to Attorney Huddleston in a manner to be agreed upon by the United States and Attorney Huddleston.

43. The United States shall return the Stewart Title Share of the liquidated Defendant Cryptocurrency to Stewart Title in a manner to be agreed upon by the United States and Stewart Title.

44. The United States shall return the Bowers Share of the liquidated Defendant Cryptocurrency to the Estate of Doyle Wayne Bowers (Rachel Biagini, Executor), in a manner to be agreed upon by the United States and the Estate of Doyle Wayne Bowers (Rachel Biagini, Executor).

45. Any funds remaining from liquidation of the Defendant Cryptocurrency, after return of the Third-Party Shares identified above (the "Remaining Funds"), are fully and finally forfeited to the United States.

//

//

Settlement Agreement and Order - 8
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

46.     The Parties recognize that the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, which is administered by the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed to the United States by a payee. The Parties recognize, therefore, that the Shares identified in paragraphs 24-33 for return to them may be reduced by the amount of any delinquent debt TOP is required to collect.

47.     Attorneys' Title agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Attorneys' Title Share to Attorneys' Title, including but not limited to any third-party claims of ownership of the Attorneys' Title Share.

48.     Proper Title agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Proper Title Share to Proper Title, including but not limited to any third-party claims of ownership of the Proper Title Share.

49.     Chicago Title agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington, and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Chicago Title Share to Chicago Title, including but not limited to any third-party claims of ownership of the Chicago Title Share.

Settlement Agreement and Order - 9
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

50. Attorney Jester agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Jester Share to Attorney Jester, including but not limited to any third-party claims of ownership of the Jester Share.

51. Attorney Grogan agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Grogan Share to Attorney Grogan, including but not limited to any third-party claims of ownership of the Grogan Share.

52. Attorney Gouveia agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Gouveia Share to Attorney Gouveia, including but not limited to any third-party claims of ownership of the Gouveia Share.

53. Attorney Wilson agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Wilson Share to Attorney Wilson, including but not limited to any third-party claims of ownership of the Wilson Share.

Settlement Agreement and Order - 10
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

54. Attorney Huddleston agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Huddleston Share to Attorney Huddleston, including but not limited to any third-party claims of ownership of the Huddleston Share.

55. Stewart Title agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Stewart Title Share to Stewart Title, including but not limited to any third-party claims of ownership of the Stewart Title Share.

56. The Estate of Doyle Wayne Bowers (Rachel Biagini, Executor) agrees to hold harmless the United States (including but not limited to the Department of Justice, the United States Secret Service, the United States Marshals Service, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Bowers Share to the Estate of Doyle Wayne Bowers (Rachel Biagini, Executor), including but not limited to any third-party claims of ownership of the Bowers Share.

57. The Parties agree that this Settlement Agreement is subject to review and approval by the Court, as provided in the proposed Order submitted below

58. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Settlement Agreement and Order.

Settlement Agreement and Order - 11
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

59. The signature page of this Settlement Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

                                    Respectfully submitted,

                                    TESSA M. GORMAN
                                    United States Attorney

DATED: December 13, 2024        s/ Krista K. Bush
                                    KRISTA K. BUSH
                                    Assistant United States Attorney
                                    700 Stewart Street, Suite 5220
                                    Seattle, WA 98101
                                    Telephone: (206) 553-2242
                                    Fax: (206) 553-6934
                                    Krista.Bush@usdoj.gov

                                    Advocus National Title Insurance Company
                                    dba Attorneys' Title Guaranty Fund, Inc.:

DATED: December 10, 2024                           /s/
                                    ANN E. TRIVETT
                                    KEATING, BUCKLIN McCORMACK, INC., P.S.
                                    TIMOTHY P. COLLINS
                                    HEPLER BROOM LLC
                                    Attorneys for Third-Party Claimant
                                    Advocus National Title Insurance Company d/b/a
                                    Attorneys' Title Guaranty Fund, Inc.
                                    801 Second Avenue, Suite 1210
                                    Seattle, WA 98104
                                    Telephone: (206) 623-8861
                                    Fax: (206) 223-9423
                                    atrivett@kbmlawyers.com

//

Settlement Agreement and Order - 12
*United States v. Approx. 32.68342694 Bitcoin, et al.*, CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Proper Title, LLC**:

DATED: December 11, 2024

*s/ Valerie A. Walker*
VALERIE A. WALKER
SAMANTHA K. PITSCH
STOKES LAWRENCE, P.S.
Attorneys for Third-Party Claimant
Proper Title LLC
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 892-2132
Fax: (206) 464-1496
valerie.walker@stokeslaw.com
samantha.pisch@stokeslaw.com

*Permission to e-sign given on December 11, 2024

**Chicago Title Insurance Company:**

DATED: December 10, 2024

BRIAN J. MEENAGHAN
FIDELITY NATIONAL LAW GROUP
Attorney for Third-Party Claimant
Chicago Title Insurance Company
601 Union Street, Suite 3225
Seattle, WA 98101
Telephone: (206) 224-6009
Fax: (206) 223-4527
Brian.meenaghan@fnf.com

**Royston Jester, IV, t/a Jester & Jester:**

DATED: DECEMBER 11, 2024

ROYSTON JESTER, IV
T/A Jester & Jester
Third-Party Claimant
1022 Court Street
Lynchburg, VA 24504
jesterandjester@aol.com

Settlement Agreement and Order - 13
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |
|---|---|
| 1 | **Gregory B. Grogan** |
| 2 | **Law Office of Gregory B. Grogan, LLC**: |
| 3 | DATED: December 11, 2024    *s/ Geoffrey C. Wickes* |
| 4 | GEOFFREY C. WICKES |
|   | WICKES LAW PLLC |
| 5 | Attorney for Third-Party Claimant |
|   | Gregory B. Grogan |
| 6 | 748 Market Street #64 |
| 7 | Tacoma, WA 98402 |
|   | Telephone: (253) 400-6962 |
| 8 | geoff@wickes-law.com |

*Permission to e-sign given on December 11, 2024*

**Bill L. Gouveia, Attorney at Law:**

DATED: 12/11/2024, 2024    [signature]
BILL L. GOUVEIA
Attorney at Law
Third-Party Claimant
44 Lyon Terrace
Bridgeport, CT 06604
bill@billgouveia.com

Robert A. Wilson, Jr.
Wilson & Associates Law Group, LLC:

DATED: December 11, 2024    [signature]
ROBERT A. WILSON JR.
Wilson & Associates Law Group, LLC
4901 Olde Towne Parkway, Suite 100
Marietta, GA 30068
robert@wilsonlawga.com

//

Settlement Agreement and Order - 14
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Sheila S. Huddleston
Huddleston Law Group, LLC:

DATED: December 11, 2024   _____
SHEILA S. HUDDLESTON
Huddleston Law Group, LLC
Third-Party Claimant
225 N. Jeff Davis Drive
Fayetteville, GA 30214
sheila@huddlestonlegal.com

Stewart Title Guaranty Company:

DATED: December 10, 2024   _____
JOHN D. CADAGAN
EMILY S. UPPAL
GORDON TILDEN THOMAS & CORDELL LLP
Attorneys for Third-Party Claimant Stewart Title
Guaranty Company
600 University Street, Suite 2915
Seattle, WA 98101
Telephone: (206) 467-6477
jcadagan@gordontilden.com
euppal@gordontilden.com

Doyle Wayne Bowers
The Estate of Doyle Wayne Bowers:

DATED: 12/13, 2024   s/ _____
THE ESTATE OF DOYLE WAYNE BOWERS
RACHEL BIAGINI, EXECUTOR
Third-Party Claimant
505 Royal Court
Horseshoe Bay, TX 78657-8175
doylewbowers@yahoo.com
rachelbiagini@yahoo.com

Settlement Agreement and Order - 15
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ORDER**

1. The foregoing Settlement Agreement is hereby approved.

2. The United States shall liquidate the Defendant Cryptocurrency.

3. The United States shall return the following property to Third-Party Claimants, as set forth below and the accompanying table:

    a. Attorneys' Title: approximately 12.9544582453272% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $302,683.25.

    b. Proper Title: approximately 6.78787577588585% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $158,599.94.

    c. Chicago Title: approximately 8.51215651447087% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $198,888.07.

    d. Attorney Jester: approximately 3.21054662018205% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $75,015.00.

    e. Attorney Grogan: approximately 10.2877204015218% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $240,374.44.

    f. Attorney Gouveia: approximately 11.6412541583619% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $272,000.00.

    g. Attorney Wilson: approximately 18.2139657464057% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $425,572.59.

    h. Attorney Huddleston: approximately 16.6286524793361% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $388,531.46.

    i. Stewart Title: approximately 7.40560352025705% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $173,033.26.

    j. Mr. Bowers/The Estate of Doyle Wayne Bowers (Rachel Biagini, Executor): approximately 4.35776653825151% of the net proceeds from liquidation of the Defendant Cryptocurrency, up to $101,820.00.

Settlement Agreement and Order - 16
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Third-Party Claimant | Percentage of Net Proceeds | Maximum Payment |
|---|---|---|
| Advocus National Title Insurance Company d/b/a/ Attorneys' Title Guaranty Fund | 12.9544582453272% | $302,683.25 |
| Proper Title, LLC | 6.78787577588585% | $158,599.94 |
| Chicago Title Insurance Company | 8.51215651447087% | $198,888.07 |
| Royston Jester, IV t/a Jester & Jester | 3.21054662018205% | $ 75,015.00 |
| Gregory B. Grogan, Law Office of Gregory B. Grogan, LLC | 10.2877204015218% | $240,374.44 |
| Bill L. Gouveia, Attorney at Law | 11.6412541583619% | $272,000.00 |
| Robert A. Wilson, Jr., Wilson & Associates Law Group LLC | 18.2139657464057% | $425,572.59 |
| Sheila Huddleston, Huddleston Law Group, LLC | 16.6286524793361% | $388,531.46 |
| Stewart Title Guaranty Company | 7.40560352025705% | $173,033.26 |
| Doyle Wayne Bowers The Estate of Doyle Wayne Bowers (Rachel Biagini, Executor) | 4.35776653825151% | $101,820.00 |

4. Any funds remaining from liquidation of the Defendant Cryptocurrency after the property identified in paragraph 3 is returned to the Third-Party Claimants (the "Remaining Funds") are FORFEITED to the United States.

    a. No right, title, or interest in the Remaining Funds exists in any party other than the United States;

    b. The Remaining Funds are fully and finally condemned and forfeited, in their entirety, to the United States; and

    c. The United States, the United States Secret Service ("USSS"), the United States Marshals Service ("USMS"), and/or its representatives, are authorized to dispose of the Remaining Funds in accordance with the law.

//

//

Settlement Agreement and Order - 17
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. Based upon the allegations set forth in the Complaint filed on December 29, 2023 (Dkt. No. 1) and the Parties' Stipulated Settlement Agreement, the Court hereby finds the United States had reasonable cause to seize and arrest the Defendant Cryptocurrency and to commence and prosecute this forfeiture action against the Defendant Cryptocurrency. This Order shall constitute a certificate of reasonable cause for the purposes of 28 U.S.C. § 2465.

6. Each party shall bear its own costs, attorney's fees, and expenses.

7. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Order.

Pursuant to this agreement, the Court hereby **DISMISSES** this action.

**IT IS ORDERED**.

DATED this 16th day of December, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

Settlement Agreement and Order - 18
*United States v. Approx. 32.68342694 Bitcoin, et al.,* CV23-2010-BAT

UNITED STATES ATTORNEY
700 STEWART ST. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970